# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.   10-80149-CR-MARRA (s)(s)

UNITED STATES OF AMERICA

v.

CYNTHIA CADET, M.D. and
JOSEPH CASTRONUOVO, M.D.,

      **Defendants.**
_____/

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States of America respectfully requests that the following jury instructions be given at trial in this case. The United States also requests that leave be granted to tender such additional instructions as may become appropriate based upon the evidence at trial. It is further requested that the parties be informed prior to closing argument which instructions the Court will accept and which it will reject.

      Respectfully submitted,

      WIFREDO A. FERRER
      UNITED STATES ATTORNEY

By:   /s/ Lawrence D. LaVecchio
      LAWRENCE D. LaVECCHIO
      Assistant U.S. Attorney
      Fla. Bar No. 0305405
      500 E. Broward Blvd., Suite 700
      Ft. Lauderdale, Florida 33394
      (954) 660-5788/(954) 356-7230 - fax

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 30, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and transmitted a copy via email to marra@flsd.uscourts.gov.

/s/ Lawrence D. LaVecchio
LAWRENCE D. LaVECCHIO
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.   10-80149-CR-MARRA (s)(s)

UNITED STATES OF AMERICA

v.

CYNTHIA CADET, M.D. and
JOSEPH CASTRONUOVO, M.D.,

       Defendants.

_____/

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions - - what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendants guilty beyond a reasonable doubt.

_____

Eleventh Circuit Pattern Jury Instructions (2010)

**BASIC INSTRUCTION NO. 2.1**
**Duty to Follow Instructions**
**Presumption of Innocence**

Your decision must be based only on the on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice  against the Defendant or the Government.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's  instructions on the law.

The Second Superseding Indictment or formal charge against a Defendant is not evidence of guilt.  The law presumes every defendant is innocent.  The Defendant does not have to prove his or her innocence or produce any evidence at all.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

_____

Eleventh Circuit Pattern Jury Instructions (2010)

## BASIC INSTRUCTION NO. 2.2

**Duty to Follow Instructions**
**Presumption of Innocence**
**(When Defendant does Not Testify)**

Your decision must be based only on the on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's  instructions on the law.

The Second Superseding Indictment or formal charge against a Defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his or her innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chooses not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

_____

Eleventh Circuit Pattern Jury Instructions (2010)

## BASIC INSTRUCTION NO. 3

### Definition of Reasonable Doubt

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilty beyond all *possible* doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendants' guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendants have been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

_____

Eleventh Circuit Pattern Jury Instructions (2010)

<u>**BASIC INSTRUCTION NO. 4**</u>

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I have said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eye witness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

Eleventh Circuit Pattern Jury Instructions (2010)

7

## BASIC INSTRUCTION NO. 5

### Credibility of Witnesses

When I say you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning any particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instructions (2010)

8

## SPECIAL INSTRUCTION 1.2

**Testimony of Accomplice or Codefendant with a Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for his or her testimony.  Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face.  Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

_____

Eleventh Circuit Pattern Jury Instructions (2010)

9

<u>**BASIC INSTRUCTION NO. 6.2**</u>

**Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

-----

Eleventh Circuit Pattern Jury Instructions (2010)

## <u>BASIC INSTRUCTION NO. 6.5</u>

**Impeachment of Witnesses Because of Inconsistent Statement and Felony Conviction
(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A Defendant has a right not to testify.  But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

_____

Eleventh Circuit Pattern Jury Instructions (2010)

11

## BASIC INSTRUCTION NO. 7

### Expert Witnesses

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is permitted to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide whether to rely upon the opinion.

---

Eleventh Circuit Pattern Jury Instructions (2010)

## **<u>STIPULATIONS</u>**

While statements and arguments of counsel generally are not evidence in the case, if a statement is made as an admission or stipulation of fact, it is evidence.  When the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

## BASIC INSTRUCTION NO. 8

### Introduction to Offense Instructions
### (In Conspiracy Cases)

The Second Superseding Indictment charges eight separate crimes, called "counts," against the Defendant.  Each count has a number.  You'll be given a copy of the Second Superseding Indictment to refer to during your deliberations.  Defendant CYNTHIA CADET is charged  in counts 1, 3-9 and 13.  Defendant JOSEPH CASTRONUOVO is charged in counts 1, 10, 11 and 13.

Count 1 charges that the Defendants CADET and CASTRONUOVO knowingly and willfully conspired with one another and with others to distribute, dispense, or posses with the intent to distribute or dispense, Oxycodone without authorization by law.  Counts 3-9 charge that the Defendant CADET knowingly and intentionally distributed, dispensed, or possessed with intent to distribute or dispense, controlled substances, and that death resulted from the use of one of the controlled substances that were distributed or dispensed in those counts.  Counts 10 and 11 charge that the Defendant CASTRONUOVO knowingly and intentionally distributed, dispensed, or possessed with intent to distribute or dispense, Oxycodone, and that death resulted from the use of the Oxycodone  that was distributed or dispensed in those counts.  Count 13 charges that the Defendants CADET and CASTRONUOVO knowingly and willfully conspired with one another and with others to engage in money laundering.  Counts 3-11 charge that the Defendants committed what are called "substantive offenses," specifically, unlawfully distributing, dispensing, or possessing with intent to distribute or dispense, controlled substances, and that death resulted from the use of one of the controlled substances that were distributed or dispensed in those counts. I will explain the law governing those substantive offenses in a moment.

14

But, first note that the Defendants are not charged in Counts 1 and 13 with committing a substantive offense - they are charged with *conspiring* to commit those offenses.

I will also give you specific instructions on conspiracy.

_____

Eleventh Circuit Pattern Jury Instructions (2010)

## OFFENSE INSTRUCTION NO. 100

### Controlled Substances: Conspiracy
### 21 USC § 846

Title 18, United States Code, Section 846 makes it a separate Federal crime for anyone to conspire or agree with someone else to do something which, is actually carried out, would be a violation of Title 18, United States Code, Section 841(a)(1).  Section 841(a) (1) makes it a crime for anyone to knowingly distribute, dispense, or posses with the intent to distribute or dispense, oxycodone.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.  Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the Second Superseding Indictment were members of the plan, or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendants can be found guilty only if all of the following facts are proved beyond a reasonable doubt:

1.      Two or more people in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan as charged in the indictment;

2.      The Defendant(s) knew the unlawful purpose of the plan and willfully joined in it; and

16

3.      The object of the unlawful plan was to distribute, dispense, or posses with the intent to distribute or dispense, Oxycodone.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan - and willfully joined in the plan on at least one occasion - that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

---

Eleventh Circuit Pattern Jury Instructions (2010)

## OFFENSE INSTRUCTION 98 AND SPECIAL INSTRUCTION

**Controlled Substances - Distribution/Possession with Intent to Distribute
21 U.S.C. § 841(a)(1)**

As it concerns Counts 3 through 11 and the crime underlying the conspiracy charge in Count 1, Title 21, United States Code, Section 841(a)(1), which is the Controlled Substances Act, makes it a Federal crime or offense for anyone to unlawfully distribute or dispense, or possess with intent to distribute or dispense, a "controlled substance."  Oxycodone and Alprazolam are controlled substances within the meaning of the law.

The Defendant can be found guilty of each offense charged only if all of the following facts are proven beyond a reasonable doubt:

First:          The Defendant distributed or dispensed, or possessed with intent to
                distribute or dispense, the controlled substance, as charged; and

Second:         That the Defendant did so knowingly and intentionally.

To "distribute" means to deliver a controlled substance to another person, with, or without any financial interest in the transaction.

To "dispense" means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to a lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling, or compounding necessary to prepare the substance for delivery.  The term, "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user or research subject.

The term "practitioner" means a physician, pharmacist or other person licensed,

18

registered, or otherwise permitted by the United States or the jurisdiction in which he or she practices to distribute or dispense, or cause to be distributed or dispensed, controlled substances in the course of professional practice or research.

The law provides that persons registered by the Attorney General under Title 21 to manufacture, distribute, or dispense controlled substances are authorized to possess, manufacture, distribute or dispense such substances to the extent authorized by their registration. A medical doctor or physician is exempted from the prohibitions of Section 841 when he or she issues a prescription for a legitimate medical purpose within the usual course of professional practice.

A controlled substance is prescribed by a physician in the usual course of professional practice and, therefore, lawfully, if the substance is prescribed by him as part of his or her medical treatment for the patient in accordance with the standards of medical practice generally recognized and accepted in the United States.

Thus, a medical doctor has violated the Controlled Substances Act when the government has proved, beyond a reasonable doubt, that the doctor's actions were not for legitimate medical purposes or were beyond the bounds of professional medical practice.

The Defendants are not on trial for medical malpractice and is not charged with acting negligently with respect to the care of his or her patients.  Again, they are charged with knowingly and willfully prescribing controlled substances to his or her patients outside the usual course of professional medical practice in violation of the Controlled Substances Act.

If you find the Defendant guilty of the conspiracy charged in Count 1, or any of the

19

offenses charged in Counts 3- 11, you will then have to determine beyond a reasonable doubt if death resulted from the use of the controlled substances alleged in the count.

As it concerns Counts 3 through 11, the law provides that whenever death or serious injury is a result of the victim's use of a controlled substance that has been distributed or dispensed by the Defendant, a more serious offense is committed, regardless of whether the Defendant knew or should have known that death would result.

There is no requirement that the death resulting from the use of the controlled substance dispensed was a reasonably foreseeable event, or that the controlled substance was the proximate cause of the death.  This standard is satisfied upon finding by you that, but for the victims ingesting the controlled substances charged in the indictment, the victims would not have died.

Therefore you are to determine as follows:

Whether in Count 3 the death of Stacy Edward Mason resulted from the use of oxycodone or alprazolam that the Defendant CADET caused to be distributed or dispensed on or about December 31, 2008.

Whether in Count 4 the death of Alice Marie Moore resulted from the use of oxycodone or alprazolam that the Defendant CADET caused to be distributed or dispensed, between on or about July 16, 2009.

Whether in Count 5 the death of Patricia Marcus resulted from the use of oxycodone that the Defendant CADET caused to be distributed or dispensed, between on or about October 28, 2009.

Whether in Count 6 the death of Stephen Andrew Wooten resulted from the use of

oxycodone that the Defendant CADET caused to be distributed or dispensed, between on or about December 4, 2009.

Whether in Count 7 the death of Bobby Shane Romine resulted from the use of oxycodone that the Defendant CADET caused to be distributed or dispensed, between on or about December 7, 2009.

Whether in Count 8 the death of David Keith Coffman resulted from the use of oxycodone that the Defendant CADET caused to be distributed or dispensed, between on or about December 28, 2009.

Whether in Count 9 the death of Shawn Michael Harper resulted from the use of oxycodone that the Defendant CADET caused to be distributed or dispensed, between on or about January 15, 2010.

Whether in Count 10 the death of Tommy Wayne Harris resulted from the use of oxycodone that the Defendant CASTRONUOVO caused to be distributed or dispensed, between on or about March 30, 2009.

Whether in Count 11 the death of Michael Grant resulted from the use of oxycodone that the Defendant CASTRONUOVO caused to be distributed or dispensed, between on or about June 29, 2009.

_____

Eleventh Circuit Pattern Jury Instructions (2010) (MODIFIED)

United States v. David W. Webb, N.D.Fla. Case No. 3:08cr136/LAC, approved, United States v. Webb, 655 F.3d 1238 (11th Cir. 2011).

## OFFENSE INSTRUCTION NO. 74.5
**Money Laundering Conspiracy**
**18 U.S.C. § 1956(h)**

It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1957.

It is a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.  Here the defendant is charged with conspiring to knowingly engage and attempt to engage in monetary transactions affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000, which was derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

The Defendant can be found guilty of violating Title 18, United States Code Section 1957 only if all the following are proved beyond a reasonable doubt:

1.     the Defendant knowingly engaged or attempted to engage in a monetary transaction;

2.     the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

3.     the property had a value of more than $10,000;

4.     the property was in fact proceeds of the felonious receiving, buying, selling, and otherwise dealing in a controlled substance; and

5.     the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, exchange of funds or a monetary instrument.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing the possession with the intent to distribute or the distribution of a controlled substance.  But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing *some* crime.

Also, it doesn't matter whether all the property involved was derived from a crime.  The Government only has to prove that $10,000 worth of property was obtained or derived from committing a crime.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.

To "know that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that's a felony under state, federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

In this case, the specified unlawful activity is the felonious receiving, buying, selling, and otherwise dealing in a controlled substance.

As I said earlier, a "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the Second Superseding Indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendants can be found guilty only if all of the following facts are proved beyond a reasonable doubt:

1.  two or more people in some way agreed to try to accomplish a common and unlawful plan to violate Title 18 U.S.C. Section 1965 or 1957; and

2.  the Defendant(s) knew about the plan's unlawful purpose and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan - and willfully joined in the plan on at least one occasion - that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain

people and discussing common goals and interests doesn't establish proof of a conspiracy.  Also

a person who doesn't know about a conspiracy but happens to act in a way that advances some

purpose of one doesn't automatically become a conspirator.

---

Eleventh Circuit Pattern Jury Instructions (2010)

## **SPECIAL INSTRUCTION NO. 8**

### **Deliberate Ignorance as Proof of Knowledge**

If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed - unless the Defendant actually believed the fact didn't exist.

So you may find that a defendant had knowledge of the conspiracy to distribute, dispense, or possess with intent to distribute or dispense, controlled substances if you determine beyond a reasonable doubt that the defendant (1) actually knew of the conspiracy, or (2) that he or she was willfully blind to it by purposely closing his or her eyes to avoid knowing what was taking place around him or her.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew about the possession of the controlled substance.

_____

Eleventh Circuit Pattern Jury Instructions (2010) (Modified)

United States v. McIver, 470 F.3d 550, 563 (4th Cir. 2006).

## SPECIAL INSTRUCTION NO. 6

### Possession

The law recognizes several kinds of possession.  A person may have actual possession, constructive possession, sole possession or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

_____

Eleventh Circuit Pattern Jury Instructions (2010)

## BASIC INSTRUCTION NO. 9.1A

**On or About a Particular Date; Knowingly; Willfully - Generally**

You'll see that the Second Superseding Indictment charges that a crime was committed "on or about" certain dates. The Government does not have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the dates alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

---

Eleventh Circuit Pattern Jury Instructions (2010)

## SPECIAL INSTRUCTION NO. 5

### Notetaking

You've been permitted to take notes during the trial.  Most of you - perhaps all of you - have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

---

Eleventh Circuit Pattern Jury Instructions (2010)

## SUMMARY CHARTS AND DOCUMENTS

Charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than then testimony and the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration of these schedules and summaries than you would give to the evidence upon which they are based.

It is for you to determine the accuracy of the summary charts.  You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

United States v. Bishop, 264 F.3d 535, 548 (5th Cir. 2001).

## BASIC INSTRUCTION NO. 10.2

### Caution:  Punishment (Multiple Defendant - - Multiple Counts)

Each count of the Second Superseding Indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.   If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime.

I caution you that each Defendant is only trial *only* for the specific crimes charged in the Second Superseding Indictment.  You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

_____

Eleventh Circuit Pattern Jury Instructions (2010)

## BASIC INSTRUCTION NO. 11

### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous - in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must decide the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

---

Eleventh Circuit Pattern Jury Instructions (2010)

## BASIC INSTRUCTION NO. 12

### Verdict

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible - either in writing or by talking to you in the courtroom.  But, I caution you not to tell me how many jurors have voted one way or the other at that time.

―――――――――――――――――――――――

Eleventh Circuit Pattern Jury Instructions (2010)