UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-80149-CR-MARRA/HOPKINS(S)(S)

UNITED STATES OF AMERICA,

v.

CYNTHIA CADET, M.D.,

                          Defendant.
_____/

## DEFENDANT DR. CADET'S REQUESTED SUPPLEMENTAL JURY INSTRUCTIONS

COMES NOW the Defendant, DR. CYNTHIA CADET, by and through her undersigned counsel, who respectfully requests this Court give the following jury instruction in the above-referenced case:

1. **Good Faith Defense** - See Defendant Castronuovo Supplemental Jury Instruction #2.

2. **Standard of Care - Contemporaneous -** Reasonable care is based on the knowledge, circumstances, and standard of care that was recognized as acceptable and appropriate at the time the physician acted. The conduct of a physician must not be judged on the basis of knowledge that has been acquired after that conduct, nor on the basis of changes in acceptable standards of treatment that may have occurred after that conduct.

**Authorities:**

*Florida Forms of Jury Instruction*, Matthew Bender (2008 ed.), Section III, Part C, §80.03 (1), citing *Schwab v. Tolley*, 345 So.2d 747 (Fla. 4th DCA 1977); *Salinetro v. Mystrom*, 341 So.2d 1059 (Fla. 3d DCA 1977); *O'Grady v. Wickman*, 213 So.2d 321 (Fla. 4th DCA 1968).

Fla. Stat. §766.102(4) ("The Legislature is cognizant of the changing trends and techniques for the delivery of health care in this state and the discretion that is inherent in the diagnosis, care, and treatment of patients by different health care providers....").

3. **Extraordinary Care Not Required** - Reasonable prudent health care providers of similar skill and training may hold differing opinions as to whether a particular diagnosis, treatment, medical procedure, or technique is acceptable and appropriate. Some or all of the opinions of reasonably prudent similar health care providers may be within the standard of care, in light of all relevant and surrounding circumstances. A health care provider is not held to the theories or opinions of one health care provider to the exclusion of other health providers of similar skill and learning. When more than one method of treatment is reasonable or appropriate, a health care provider who uses reasonable care is not liable using methods that are not the most common or that do not represent the highest level of care. If the diagnosis, treatment, medical procedure, or technique is approved by a respectable minority of the medical profession, then it is acceptable and meets the standard of care.

**Authorities:**

Fla. Stat. §766.102; *Campbell v. United States*, 325 F. Supp. 207 (M.D. Fla. 1971); *Baldor v. Rogers*, 81 So.2d 658 (Fla. 1954).

4. **Standard of Proof (1)** - See Defendant Castronuovo Supplemental Jury Instruction # 5.

5. **Standard of Proof (2)** - See Defendant Castronuovo Supplemental Jury Instruction # 6.

6. **Patient's Right to Alternative Treatment** - The Florida Legislature has, by law, imposed certain duties and obligations on the patient that may affect the applicable "standard of care." Under Florida law, a patient has the right to receive, and licensed health care practitioners have the right to provide, complimentary or alternative health care treatment that they deem to be effective for the treatment of pain. Complimentary or alternative health care treatment is defined as "<u>any treatment</u> designed to provide patients an effective option to the prevailing or conventional treatments methods associated with services provided by a health care practitioner."

   **Authorities**:

   Florida Statute 456.41 - Complementary or Alternative Health Care Treatments

7. **Bad Results Not Evidence Of Breach Of Standard Of Care** - The Florida Legislature has, by law, imposed certain duties and obligations on the patient that may affect the applicable "standard of care." Under Florida Law, the mere fact that bad results follow the treatment rendered by a physician does not, in itself, mean that the physician fell below the standard of care. The government must prove beyond a reasonable doubt that the injury was caused by a breach of the accepted standard of care by the physician.

   **Authorities**:

   Fla. Stat. §766.102(4); *Sims v. Helms*, 345 So.2d 721 (Fla. 1977) (modified)

8. **Difficulty in Measuring Pain (Self-Report)** - Treating patients with chronic moderate to severe pain presents a difficult challenge to the treating physician because pain is not usually a directly measurable disability. A patient's "self-report" is, therefore, considered the "gold standard" for measuring his or her pain.

**Authorities:**

National Institutes of Health (NIH): J Am Geriatr Soc. 2009 January; 57(1): 126–132. doi:10.1111/j.1532-5415.2008.02071.x.

9. **Legality of Pain Clinics in Florida During Relevant Time Frame** - During the relevant time frame, there were no laws (Florida, federal or otherwise) precluding the operation of a pain clinic with any of the following characteristics:

   a. That was owned by a non-medical professional;

   b. That did not accept health insurance, Medicaid or Medicare;

   c. That only accepted cash or credit;

   d. That had security guards;

   e. That accepted large numbers of patients;

   f. That accepted out-of-state patients;

   g. That permitted physicians to utilize prescription medication stamps; or

   h. That dispensed medication on-site.

WHEREFORE, Defendant Dr. Cadet respectfully requests this Court to give Supplemental Jury Instructions 1 through 9, as outlined above, in this case.

s/ Michael D. Weinstein……………….
Michael D. Weinstein
Florida Bar No. 157236
12 SE 7th Street, Suite 610
Fort Lauderdale, FL 33301
Tel: (954) 761-1420
Fax: (954) 761-1421
Email: mdw@mdwlawfirm.com

Attorneys for Defendant Cynthia Cadet, M.D.

**s/ Jessie M. Djata, Attorney at Law…………**
Jessie M. Djata, Esq.
Email: jessiedjata@gmail.com

Attorney for Defendant Cynthia Cadet, M.D.
Appearing Pro Hac Vice

### CERTIFICATE OF SERVICE

I hereby certify that on **July 22, 2013**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

**s/ Michael D. Weinstein……………….**
MICHAEL D.WEINSTEIN