# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.   10-80149-CR-MARRA (s)(s)

UNITED STATES OF AMERICA

v.

**CYNTHIA CADET, M.D. and**
**JOSEPH CASTRONUOVO, M.D.,**

           **Defendants.**
_____/

## COURT'S JURY INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must use in deciding this

case.  After I've completed these instructions, you will go to the jury room and begin your

discussions - - what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find

the Defendants guilty beyond a reasonable doubt.

Your decision must be based only on the on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendants or the Government.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's  instructions on the law.

The Second Superseding Indictment or formal charge against a Defendant is not evidence of guilt.  The law presumes every defendant is innocent.  The Defendants do not have to prove their  innocence or produce any evidence at all.  A Defendant does not have to testify, and if a Defendant chooses not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilty beyond all *possible* doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendants' guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eye witness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning any particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for his or her testimony.  Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face.  Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

You must consider some witnesses' testimony with more caution than others.

For example, a witness may testify about events that occurred during a time when the witness was using addictive drugs, and so the witness may have an impaired memory of those events.  And a witness who could have been charged but was not may hope to get more favorable treatment in his or her own case and may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

If the Government offers evidence that a Defendant made a statement or admission to someone, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is permitted to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide whether to rely upon the opinion.

While statements and arguments of counsel generally are not evidence in the case, if a statement is made as an admission or stipulation of fact, it is evidence.  When the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The Second Superseding Indictment charges eight separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the Second Superseding Indictment to refer to during your deliberations. Defendant CYNTHIA CADET is charged in counts 1, 3-9 and 13. Defendant JOSEPH CASTRONUOVO is charged in counts 1, 10, 11 and 13.

Count 1 charges that the Defendants CADET and CASTRONUOVO knowingly and willfully conspired with one another and with others to distribute, dispense, or posses with the intent to distribute or dispense, Oxycodone without authorization by law. Counts 3-9 charge what are called "substantive offenses", specifically that Defendant CADET knowingly and intentionally distributed, dispensed, or possessed with intent to distribute or dispense, controlled substances, and as to Counts 3-5 and 7-9, that death resulted from the use of one of the controlled substances that were distributed or dispensed in those counts. Counts 10 and 11 also charge what are called "substantive offenses", specifically that Defendant CASTRONUOVO knowingly and intentionally distributed, dispensed, or possessed with intent to distribute or dispense, Oxycodone, and that death resulted from the use of the Oxycodone that was distributed or dispensed in those counts. Count 13 charges that the Defendants CADET and CASTRONUOVO knowingly and willfully conspired with one another and with others to engage in money laundering. I will explain the law governing those substantive offenses in a moment.

But, first note that the Defendants are not charged in Counts 1 and 13 with committing a substantive offense - they are charged with *conspiring* to commit those offenses.

I will also give you specific instructions on conspiracy.

12

Title 18, United States Code, Section 846 makes it a separate Federal crime for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Title 18, United States Code, Section 841(a)(1). Section 841(a) (1) makes it a crime for anyone to knowingly distribute, dispense, or posses with the intent to distribute or dispense, oxycodone.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the Second Superseding Indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendants can be found guilty only if all of the following facts are proved beyond a reasonable doubt:

1.      Two or more people in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan as charged in the indictment;

2.      The Defendant(s) knew the unlawful purpose of the plan and willfully joined in it; and

3.      The object of the unlawful plan was to distribute, dispense, or posses with the intent to distribute or dispense, Oxycodone.

The law governing the substantive offense of knowingly and intentionally distributing, dispensing or possessing a controlled substance will be provided to you shortly.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan - and willfully joined in the plan on at least one occasion - that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

"Good Faith" is a complete defense to the charge of conspiracy to unlawfully distribute oxycodone since good faith on the part of the Defendants is inconsistent with knowingly and willfully conspiring to knowingly and wilfully dispense oxycodone not for a legitimate medical purpose. If the Defendant acted in good faith, sincerely believing that he or she was acting within the law, then the Defendant did not intentionally violate a known legal duty, that is that Defendant did not act willfully. The burden of proof is not on the Defendant to prove good faith, Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that Defendants acted with the specific intent to participate in a conspiracy as charged in the indictment.

Intent and motive must not be confused. "Motive" is what prompts a person to act." It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that a Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied, even if the Defendant believed that violating the law was required or that ultimate good would result.

The Defendant's assertion that he or she was acting upon a good faith belief that he or she was acting in accordance with what he or she believed to be a legitimate medical purpose is only applicable to Count 1 of the Second Superseding Indictment, which charges conspiracy to distribute, dispense, or possession to distribute or dispense, controlled substances, and is only

15

applicable to whether his or her actions were undertaken for a legitimate medical purpose. This defense is not applicable to whether the Defendant acted withing the usual course of professional practice. It also is not applicable to Counts 3 through 11, which charge the Defendants with distributing or dispensing, or possessing with intent to distribute or dispense, controlled substances.

Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.

You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you find the Defendants not guilty of that charge.

But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that a particular Defendant was a member of some other conspiracy – not the one charged – then you must find that Defendant not guilty.

So to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.

As it concerns Counts 3 through 11 and the crime underlying the conspiracy charge in Count 1, Title 21, United States Code, Section 841(a)(1), which is the Controlled Substances Act, makes it a Federal crime or offense for anyone to unlawfully distribute or dispense, or possess with intent to distribute or dispense, a "controlled substance." Oxycodone and Alprazolam are controlled substances within the meaning of the law.

The Defendant can be found guilty of each offense charged only if all of the following facts are proven beyond a reasonable doubt:

First:       The Defendant distributed or dispensed, or possessed with intent to distribute or dispense, not for a legitimate medical purpose or outside the usual course of professional practice, the controlled substance, as charged; and

Second:       That the Defendant did so knowingly and intentionally.

To "distribute" means to deliver a controlled substance to another person, with, or without any financial interest in the transaction.

To "dispense" means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to a lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling, or compounding necessary to prepare the substance for delivery. The term, "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user or research subject.

18

The term "practitioner" means a physician, pharmacist or other person licensed, registered, or otherwise permitted by the United States or the jurisdiction in which he or she practices to distribute or dispense, or cause to be distributed or dispensed, controlled substances in the course of professional practice or research.

The law provides that persons registered by the Attorney General under Title 21 to manufacture, distribute, or dispense controlled substances are authorized to possess, manufacture, distribute or dispense such substances to the extent authorized by their registration. A medical doctor or physician is exempted from the prohibitions of Section 841 when he or she issues a prescription for a legitimate medical purpose within the usual course of professional practice.

A controlled substance is prescribed by a physician in the usual course of professional practice and, therefore, lawfully, if the substance is prescribed by him as part of his or her medical treatment for the patient in accordance with the standards of medical practice generally recognized and accepted in the United States. The appropriate standard of care is based on the knowledge, circumstances and standards that are recognized as acceptable and appropriate at the time the physician acted. The fact that bad results follow treatment rendered by a physician does not, in itself, mean that the physician's conduct fell below the appropriate standard of care.

Thus, a medical doctor has violated the Controlled Substances Act when the government has proved, beyond a reasonable doubt, that the doctor's actions were not for legitimate medical purposes or were outside the usual course of professional practice.

19

It would not be legally sufficient for the United States to show that the Defendant's conduct constituted medical malpractice or that they acted negligently.   Again, Defendants are charged with knowingly and willfully prescribing controlled substances to his or her patients outside the usual course of professional medical practice in violation of the Controlled Substances Act.

If you find the Defendant guilty of any of the offenses charged in Counts 3- 5 and 7-11, you will then have to determine beyond a reasonable doubt if death resulted from the use of the controlled substances alleged in the count.

As it concerns Counts 3 - 5 and 7 - 11, the law provides that whenever death or serious injury is a result of the victim's use of a controlled substance that has been distributed or dispensed by the Defendant, not for a legitimate medical purpose or outside the scope of professional medical practice, a more serious offense is committed, regardless of whether the Defendant knew or should have known that death would result.  In considering these counts, each count as to each physician must be considered separately.  In doing so, you must first determine beyond a reasonable doubt whether the controlled substance prescribed by the physician was the same controlled substance ingested by the decedent or person who died.  If not, then you must find the physician not guilty of that count.  If so, then you must determine whether, but for (had it not been for) the ingestion of the controlled substance prescribed by the physician, the decedent would not have died.

There is no requirement that the death resulting from the use of the controlled substance dispensed was a reasonably foreseeable event, or that the controlled substance was the proximate cause of the death.

20

It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1957.

It is a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering. Here the Defendants are charged with conspiring to knowingly engage and attempt to engage in monetary transactions affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000, which was derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

The individual Defendant can be found guilty of violating Title 18, United States Code Section 1957 only if all the following are proved beyond a reasonable doubt:

1.    the individual Defendant knowingly engaged or attempted to engage in a
        monetary transaction;

2.    the individual Defendant knew the transaction involved property or funds that
        were the proceeds of some criminal activity;

3.    the property had a value of more than $10,000;

4.    the property was in fact proceeds of the felonious receiving, buying, selling, and
        otherwise dealing in a controlled substance; and

5.    the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, exchange of funds or a monetary instrument.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the individual Defendant knew the precise nature of the crime or that the property came from committing the possession with the intent to distribute or the distribution of a controlled substance. But the Government must prove that the individual Defendant knew that the property involved in the monetary transaction was obtained or derived from committing *some* crime.

Also, it doesn't matter whether all the property involved was derived from a crime. The Government only has to prove that $10,000 worth of property was obtained or derived from committing a crime.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.

To "know that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that's a felony under state, federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

In this case, the specified unlawful activity is the felonious receiving, buying, selling, and otherwise dealing in a controlled substance.

As I said earlier, a "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the Second Superseding Indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendants can be found guilty only if all of the following facts are proved beyond a reasonable doubt:

1.    two or more people in some way agreed to try to accomplish a common and unlawful plan to violate Title 18 U.S.C. Section 1957; and

2.    the individual Defendant knew about the plan's unlawful purpose and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the individual Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan - and willfully joined in the plan on at least one occasion - that's sufficient for you to find the individual Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

The law recognizes several kinds of possession.  A person may have actual possession, constructive possession, sole possession or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

You'll see that the Second Superseding Indictment charges that a crime was committed "on or about" certain dates. The Government does not have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the dates alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

You've been permitted to take notes during the trial.  Most of you - perhaps all of you - have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

During the trial, charts and summaries were shown to you to assist you in considering the evidence. The charts and summaries are the contentions of the party offering them as to what the evidence shows. It is up to you to evaluate the information and descriptions on the charts and summaries and it is up to you to determine how much weight should be given to this evidence.

Each count of the Second Superseding Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime.

I caution you that each Defendant is only trial *only* for the specific crimes charged in the Second Superseding Indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous - in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible - either in writing or by talking to you in the courtroom.  But, I caution you not to tell me how many jurors have voted one way or the other at that time.