UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  10-80149-CR-MARRA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

CYNTHIA CADET, M.D.,

      Defendant.

_____/

FILED by ____ D.C.

**JUN 1 3 2014**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION AS TO APPROPRIATE BOND PENDING APPEAL FOR DEFENDANT CADET

THIS CAUSE comes before the Court upon an Order Granting Motion for Supersedeas Bond issued by United States District Judge Kenneth A. Marra [DE 1374].  Judge Marra has referred the matter to the undersigned for a report and recommendation on an appropriate bond pending appeal for Defendant, Cynthia Cadet, M.D.   The parties appeared before the undersigned on Thursday, June 12th, 2014 for a hearing, and this matter is now ripe for review.

## Background

Defendant Cadet, a physician, was charged by way of a Second Superseding Indictment with ten counts stemming from her alleged involvement in an illegal "pill mill" in Boca Raton, Florida.  [DE 870].  Defendant was released on a $50,000 corporate surety bond on August 31, 2011.  [DE 351].  Defendant was ultimately convicted of one count of conspiracy to commit money laundering, acquitted on the remaining counts, and sentenced to six and a half years in federal prison. [DE 1336].  Defendant is appealing her judgment.  [DE 1367].

During the June 12th, 2014 hearing, the Government argued that, due to Defendant's lack of financial assets and negative cash flow, the Court should place Defendant on home

confinement with electronic monitoring. The Government reasoned that, due to Defendant's lack of financial ties, more is required to assure that Defendant does not flee than the bond conditions originally imposed at the outset of the case. Additionally, the Government noted that Defendant has "strong ties" to Haiti, and has traveled there within the past five years. The Government asked that the Court impose an employment restriction on Defendant to prohibit her from practicing medicine.

In opposition, defense counsel pointed out that Defendant consistently complied with all of her bond conditions during the pendency of this case and that home confinement with electronic monitoring is not justified in light of her excellent track record and would instead be punitive. Defense counsel also explained that Defendant has two minor children who reside with her, and that home confinement would not be feasible as it would inhibit her ability to care for them. Defense counsel explained that Defendant can no longer afford a $50,000 corporate surety bond premium and instead asked the Court to impose a $75,000 personal surety bond. Defense counsel stated that Defendant is a one-half owner of a home in Parkland, Florida together with her ex-husband, and that the home has approximately $170,000 in equity. Defense counsel also stated that Defendant's ex-husband, sister, brother, and parents are all willing to co-sign a personal surety bond should the Court elect to impose one. Defense counsel also explained that Defendant would agree to not sell, convey, hypothecate, or otherwise transfer ownership of the Parkland home during the pendency of her appeal. The Court was also advised that Defendant's ex-husband, Pierre Antoine Louis, who works for USAID, a United States Government agency, would be willing to co-sign the bond.

Although Defendant is currently unemployed, she still wishes to obtain employment. During the June 12th, 2014 hearing, defense counsel explained that, prior to her conviction,

2

Defendant was employed by "MedXM" performing physical assessments. Defense counsel explained that this position did not involve the practice of medicine, and Defendant's job duties were akin to those of a licensed practical nurse. Subsequent to the June 12th, 2014 hearing, Defendant filed a copy of the job description for the job that Defendant previously performed and wishes to continue performing while on appeal bond [DE 1379]. In that position, Defendant Cadet would physically assess individuals for an insurance company and would not treat patients or prescribe any medications. Defense counsel explained that this job would be available to Defendant provided the Court permitted her to work there. Defense counsel did indicate that this job would require some travel throughout the State of Florida.

The Court notes that Defendant is an Army veteran, and has never been arrested prior to her involvement in this case. Defendant resides with her two minor children Parkland, Florida, and she has never violated any conditions of release in this case. The undersigned believes that home confinement with an ankle monitor, as recommended by the Government, is unnecessary and excessive. The Court recommends that Defendant should be permitted to resume working for MedXM if she so chooses; upon questioning defense counsel and Defendant about the job duties her position involved, the Court finds that working at MedXM does not involve treating patients or dispensing medication. Defendant needs to earn income while she is out on bond during the lengthy appeal process, and her employment at MedXM would allow her to support herself and her two minor children. The undersigned also finds that the Parkland home has sufficient equity to adequately secure a personal surety bond. Defendant no longer has sufficient liquid assets to pay for a corporate surety bond and a personal surety bond with the signatures of both homeowners (Defendant and her ex-husband) on the bond provides sufficient security in lieu of a corporate surety bond. Moreover, Defendant would not have to deplete her limited

3

assets further by paying an expensive bond premium.  Since the home is owned jointly by both Defendant and her ex-husband, the ex-husband should also be required to co-sign the personal surety bond.

After considering the argument of counsel, the parties' pleadings, the Defendant's PSI, and the record in this case, the undersigned recommends that the following conditions of bond be imposed upon Defendant pending her appeal:

A. A $500,000 personal surety bond signed by Defendant and co-signed by Defendant's ex-husband, Pierre Antoine Louis; Defendant shall not mortgage, sell, hypothecate, or otherwise transfer the Parkland home while the appeal bond is in place.  Additionally, the personal surety bond should be co-signed by Defendant's sister, Jessie M. Djata, Defendant's brother, James M. Cadet, and Defendant's father, Jean Claude.

B. Defendant's travel be restricted to the Southern District of Florida.   If Defendant wishes to leave the Southern District of Florida, she must first obtain approval from the Court;

C. Defendant shall report to Pretrial Services as directed by her Pretrial Services Officer;

D. Defendant is precluded from prescribing any controlled substance;

E. Defendant is permitted to work in any lawful occupation so long as Defendant is not prescribing or dispensing controlled substances; and

F. All standard conditions of bond shall remain in effect

The undersigned suggests that the above conditions of bond are sufficient to ensure Defendant's appearance and protect the community while Defendant remains at liberty pending appeal.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth A. Marra, within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers this 13th day of June, 2014, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge