UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-81325-CIV-MARRA/MATTHEWMAN
(10-80149-CR-MARRA)

CYNTHIA CADET,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **FINAL JUDGMENT**

This matter is before the Court on the Movant's *pro se* Motion to Vacate under 28 U.S.C. § 2255 [DE 1] and Motion for an Evidentiary Hearing [DE 26]. A Report and Recommendation [DE 28] was issued by the assigned Magistrate Judge recommending that both motions be denied. Movant filed objections to the Report and Recommendation [DE 29].

The Court has conducted a *de novo* review of the entire file and record herein. The Court will address each of Movant's objections to the Report and Recommendation below. As will be demonstrated, Movant's objections are without merit and are overruled. Thus, the Court agrees with the recommendations of the Magistrate Judge.

Contrary to Movant's assertion in her objections, she asserted two grounds for relief in her Petition, not three. [DE 1; DE 29 at 1,3]. The first ground asserted was that Movant received ineffective assistance of counsel when her trial counsel failed to object to a jury instruction given relative to the count of conspiracy to commit money laundering, which instruction resulted in a constructive amendment of the indictment. [DE 1 at 4]. The second ground was that she was denied due process when the trial court failed to give a requested jury instruction which she asserts "was a correct statement of the law," was critical to her defense and not otherwise

covered by the jury instructions. *Id.* at 5.  No other grounds for relief are asserted in Movant's Petition.  Instead, Movant raised the issue of "actual innocence" in her Reply to the Government's Response to the Petition [DE 7 at 14] and in her Motion for an Evidentiary Hearing [DE 26; DE 26-1; DE 26-2] as a means of seeking to avoid a procedural default.  In this regard, it should be noted that Petitioner did move for leave to amend her petition as to ground one, which relief was granted. [DE 21; DE 22].  Movant did not move for leave to amend her Petition to assert "actual innocence" as a ground for relief.

The Magistrate Judge recommended that the Court deny Movant relief on both grounds asserted.  As to the claim of ineffective assistance of counsel, the Magistrate Judge concluded that Petitioner could not meet the prejudice prong of the *Strickland v. Washington* test. 466 U.S. 668, 687-88 (1984). [DE 28 at 5-8].  Relying on binding Eleventh Circuit Court of Appeal precedent, the Magistrate Judge noted that in order to prevail on a claim of ineffective assistance of counsel for failure to object to an error committed by the district, the "underlying error must at least satisfy the standard for prejudice that [the Eleventh Circuit] employ[s] in [its] review for plain error." *Gordon v. United States,* 518 F.3d 1291, 1298 (11th Cir. 2008).  Since Movant raised the issue of the constructive amendment to the indictment on direct appeal, and since the Eleventh Circuit held that this error was not "plain," the Magistrate Judge concluded that the Eleventh Circuit's finding of an absence of "plain error" necessarily means Movant cannot now show her substantial rights were affected.

In her objections to the recommendation on ground one, Movant cites to the case of *United States v. Carthorne,* 878 F.3d 458 (4th Cir. 2017).  To the extent the *Carthorne* decision conflicts with the Eleventh Circuit's decision in *Gordon,* this Court is obligated to follow the law of the Eleventh Circuit, not the Fourth Circuit.  Moreover, it appears that the *Carthorne* decision

is at odds with the law articulated by the United States Supreme Court in this regard. In *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982), the Supreme Court reiterated that the burden of justifying federal habeas relief is "greater than the showing required to establish plain error on direct appeal," citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)("The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal.").

Movant also relies on the decision of *Thomas v. Harrelson,* 942 F.2d 1530 (11th Cir. 1991), to support her contention that her counsel's failure to object to the constructive amendment of the indictment constituted ineffective assistance of counsel. *Thomas* is distinguishable from this case because the court there based its decision on a finding of "plain error." *Thomas,* 942 F.2d at 1533. Here, the Eleventh Circuit found that "plain error" did not exist. Since Movant cannot establish prejudice that satisfies the plain error standard, she cannot meet the prejudice standard required by *Strickland*. Movant's objection to the Magistrate Judge's recommendation on ground one is overruled.[1]

As to ground two of the Petition, Movant challenges on due process grounds the trial court's failure to give a requested jury instruction which she asserts was a "correct statement of the law." The instruction would have directed the jury that if Movant was acquitted on the drug trafficking charges, she would also have to be acquitted on the conspiracy to engage in money laundering charge. Relying on a portion of the opinion from the Eleventh Circuit on Movant's direct appeal, the Magistrate Judge concluded that this issue had been raised on her direct appeal

---

[1] Because Movant cannot establish that any prejudice she may have suffered from her trial counsel's error did not rise to the level of at least "plain error," her reliance on the affidavit of her sister, Jessie M. Djata, who acted as "co-counsel" during the trial, confessing to ineffective assistance of counsel [DE 21 at ¶ 15], does not assist her case.

3

and was expressly rejected by the court. On the basis that an issue decided on direct appeal against Movant cannot now be the basis for collateral relief, the Magistrate Judge recommended that ground two of the Petition be denied.

Movant objects to the Magistrate Judge's recommendation primarily on the basis that the issue now presented was not raised on her direct appeal. Therefore, Movant asserts the Magistrate Judge wrongfully misinterpreted or re-characterized her claim. [DE 29 at 2]. Since she did not raise the issue on direct appeal, Movant argues that the Magistrate Judge's conclusion that the issue cannot now be relitigated "is without merit." *Id.*

Movant is correct that she did not expressly raise this issue on her direct appeal, although the Court of Appeals did address the merits of the issue in connection with its discussion of whether there was sufficient evidence in the record to support the jury's finding of knowledge and intent to conspire to commit money laundering. That, however, presents another problem for Movant, namely, that a defendant who fails to assert an issue on direct appeal that could have been asserted generally is precluded from raising that issue in a proceeding under 28 U.S.C. § 2255. *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir.2004) (per curiam) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."). A procedural default may be excused, however, if the defendant can demonstrate that one of two exceptions applies: (1) cause and prejudice, or (2) actual innocence. *Bousley v. United States,* 523 U.S. 614, 622 (1998). Because "actual innocence" is an exception to a procedural default, Movant submitted her tardy attempt to raise the issue of "actual innocence" after receiving the Government's response to her Petition. [DE 7 at 14].

4

"Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by showing cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *McKay v. United States,* 657 F.3d 1190, 1196 (11th Cir. 2011) (internal quotation marks omitted), *cert. denied,* 568 U.S. 830 (2012). To demonstrate cause, a § 2255 movant "must show that some objective factor external to the defense prevented [the movant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the movant's] own conduct." *Lynn,* 365 F.3d at 1235.  Here, Movant cannot establish either cause or prejudice.  There is no reason Movant can advance for the failure to raise this issue on direct appeal.  Moreover, Movant cannot establish prejudice because the instruction she sought to have presented to the jury was not a correct statement of the law.  In her direct appeal, the Court of Appeals stated:

> It is by now abundantly clear that in a money laundering case (or in a money laundering conspiracy case), the defendant need not actually commit the alleged specified unlawful activity. . .   Moreover, 'inconsistent jury verdicts are not necessarily a cause for reversal of a conviction.'  . . .  Indeed, we have maintained that conviction on only one of two related counts may be upheld where 'different elements comprise the two offenses.' . .
>
> Here, different elements comprise the drug trafficking conspiracy and money laundering conspiracy offenses. . .   And as the district court noted, even though the jury ultimately determined that Defendants did not personally distribute narcotics unlawfully, there was evidence for the jury to nevertheless find 'that the other medical doctors were engaging in such unlawful conduct, that the money they received for working at the clinics was proceeds from that illegal activity, and that they agreed to conspire with the others to launder those illegal proceeds.

5

*United States v. Castronuovo,* 649 F. Appx 904, 914 (11th Cir. 2016)(unpublished). Hence, Movant was not prejudiced by this Court rejecting a jury instruction which would have been an incorrect statement of the law.[2]

This brings us to the exception of "actual innocence." As previously indicated, Movant did not raise her newly asserted claim of actual innocence in her Petition, nor did she seek to amend her Petition to add that claim as she did for ground one. A petitioner in a § 2255 proceeding cannot raise a new claim by asserting it in a reply memorandum. *See Prada v. United States*, 692 F. App'x 572, 574 (11th Cir. 2017)(denial of leave to amend a petition which raised a new issue in a reply memorandum was affirmed); *Montas v. United States*, No. 14-20433-CR, 2017 WL 3835957, at *8–9 (S.D. Fla. June 1, 2017), *report and recommendation adopted*, No. 14-20433-CR, 2017 WL 3723914 (S.D. Fla. Aug. 29, 2017)( "The law is well settled that a traverse is not the proper vehicle to raise for the first time new grounds/arguments for relief."); *Gordon v. Warden, FCC Coleman--Low*, No. 5:10-CV-280-OC-30TBS, 2011 WL 6112225, at *1 (M.D. Fla. Dec. 8, 2011)("A petitioner may not raise a new issue in a reply because the respondent has no opportunity to respond.").

Be that as it may, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623. To establish actual innocence, Movant must demonstrate that, "'in light of all the evidence,'" "it is more likely than

---

[2] Since Movant's trial counsel did request the jury instruction in question, Movant cannot assert ineffective assistance of counsel as a means of avoiding the procedural default. *See United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir.2000)(Ineffective assistance of counsel may serve as the cause required to excuse a movant's procedural default.). Movant did not assert that her counsel was ineffective for failing to raise this jury instruction issue on her direct appeal. Even if she had, the issue would have no merit since, as previously discussed, the Court of Appeals rejected Movant and her Co-defendant's assertion that an acquittal on the drug trafficking charges required an acquittal on the conspiracy to commit money laundering charge. In order to avoid a procedural default based on ineffective assistance of counsel, "the claim of ineffective assistance must have merit." *Id.*

not that no reasonable juror would have convicted [her]." *Id.* at 623-24. The exception is exceedingly narrow in scope, *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir.2001), and is only applicable in an extraordinary case. *McKay*, 657 F.3d at 1197–98. In her attempt to establish "actual innocence," Movant asserts that the evidence is "insufficient to prove beyond a reasonable doubt that she was guilty of conspiracy to commit money laundering." [DE 7 at 14-15]. This is legally inadequate, since "actual innocence" does not mean "mere legal insufficiency." Furthermore, the Court of Appeals has already determined there was sufficient evidence presented at her trial to convict her of the charge. *Castronuovo,* 649 F. Appx at 912 ("there was sufficient evidence for a rational jury to conclude beyond a reasonable doubt that Defendants separately agreed to engage in financial transactions upon accepting profits from the clinics' operations").

Movant also attempts to rest her claim of "actual innocence" on the discovery of new evidence, namely, evidence that came to light after her conviction relating to the pharmaceutical industry and its involvement in subsidizing pain management clinics and promoting the use of opioid medication. [DE 26- 1 at 3; DE 26-2]. The fact that there may be other culpable individuals or entities involved in the illegal activity in which Movant was involved does not render her "actually innocent" of the crime of which she was convicted.

Since Movant asserts that ground two of her Petition was not raised in her direct appeal, and she has not demonstrated either cause for not raising it, prejudice resulting from her not raising it, or actual innocence, she is procedurally defaulted from raising it in this proceeding. On the other hand, if Movant is not procedurally defaulted on ground two of her Petition, it is rejected on the merits because the jury instruction she sought to present was not a correct statement of the law. As previously stated, the Court of Appeals in Movant's direct appeal

expressly found that an acquittal on the drug trafficking charges did not require an acquittal on the conspiracy to commit money laundering charge. Hence, Movant was not denied due process by the Court refusing to give an incorrect jury instruction.

Lastly, to the extent Movant properly and timely asserted a claim of "actual innocence," her claims fails on the merits. Insufficiency of the evidence is not a basis to establish "actual innocence," and the new evidence Movant raises that suggests wrongdoing by others does not exculpate her from her criminal conduct.

In view of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation (DE 28) of the Magistrate Judge is **AFFIRMED AND ADOPTED**.

2. Movant's § 2255 Motion (DE 1) is **DISMISSED WITH PREJUDICE**.

3. Movant's Motion for Evidentiary Hearing (DE 26) is **DENIED**.

4. Under Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court must issue or deny a certificate of appealability when entering a final order adverse to the applicant. The Court concludes under *Slack v. McDaniel*, 529 U.S. 473 (2000), that Movant cannot show that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478. Therefore, the Court **DENIES** the issuance of a certificate of appealability. The Court notes that under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Movant may seek a certificate of appealability from the U.S. Court of Appeals for the Eleventh Circuit.

5. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of February, 2020.

                                      KENNETH A. MARRA
                                      United States District Judge